# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF THE SPECIAL MASTERS
No. 08-509V
Filed: March 7, 2014

*********************************************************
| | |
|---|---|
| STEPHANIE T. HEMENWAY, * | |
| mother and natural guardian, ANDREW B. * | |
| HEMENWAY, a minor, * | |
|         Petitioner, * | Attorney Fees and Costs. |
| * | |
| v. * | |
| * | |
| SECRETARY OF THE DEPARTMENT OF * | |
| HEALTH AND HUMAN SERVICES * | |
|         Respondent. * | |

*********************************************************

Clifford Shoemaker, Esq., Shoemaker and Associates, Vienna, VA for petitioner.
Ann Martin, Esq., US Department of Justice, Washington, DC for respondent.

### DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision dismissing this case on August 2, 2013. Judgment entered on September 16, 2013.

On February 9, 2014, petitioner filed a motion for attorney fees and costs, in which she requests $24,377.55 in fees and $173.22 in costs, for a total award of $24,550.77. In the response pleading, filed on February 27, 2014, respondent indicated that "she is waiving her opportunity to file specific objections to petitioner's Application and defers to the Chief Special Master regarding its resolution."

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

**I. Determining the Amount of Fees and Costs to be Awarded.**

The Vaccine Act authorizes "reasonable attorneys' fees and other costs." § 15(e)(1). The Court of Federal Claims has recognized that it is within the discretion of the special master to determine the reasonableness of a request for attorneys' fees. *Rodriguez v. Sec'y, HHS*, 91 Fed. Cl. 453, 462 (2010). A special master may reduce a fee request *sua sponte*. *Sabella v. Sec'y, HHS,* 86 Fed. Cl. 201, 208-09, 221 (2009); *Carrington ex rel. Carrington v. Sec'y, HHS*, 85 Fed. Cl. 319, 322 (2008).

A.  Attorney Fees.

I apply the lodestar method, in which a reasonable hourly rate is multiplied by the reasonable number of hours, to determine the amount of attorneys' fees to be awarded. *Avera v. Sec'y, HHS,* 515 F.3d 1343, 1347-48 (Fed. Cir. 2008).

1.  Reduction in Hours Billed.

Mr. Shoemaker billed 5.0 hours in 2014 for reviewing time and expense records, working on the fee application, and filing the application. Billing Records at 5. Given the extremely concise nature of the fee application, consisting of less than 100 words, and his experience litigating in the Vaccine Program, I find this amount to be excessive. I will award petitioner 3.0 hours for the preparation and filing of the fee application.

2.  Reduction in Hourly Rate.

The number of hours billed by Ms. Knickelbein on December 21, 2010 (.3) and January 4, 2011 (.1) are reasonable, however the hourly rate is not. It appears that the hourly rate of Mr. Shoemaker was incorrectly applied to the time billed. Billing Records at 4. I will compensate these .4 hours at Ms. Knickelbein's hourly billing rate of $205.00.

B. Litigation Costs.

In addition to reasonable attorneys' fees, petitioners in the Vaccine Program may be awarded reasonable litigation costs. § 15(e)(1). Petitioner's motion included a General Order #9[3] statement reflecting that petitioner incurred no personal litigation expenses in connection with this case. The litigation expenses sought by petitioner's counsel ($173.22)[4] appear reasonable and I will award the full amount requested.

---

[3]  General Order #9 is available on the court's website, http://www.uscfc.uscourts.gov/sites/default/files/General%20Order%20No.%209.pdf.

[4] The expenses include photocopies ($24.30), postage ($1.32), and printing costs ($147.60), for a total of $173.22.

### III.  Conclusion.

I hold petitioner is entitled to reasonable attorneys' fees and costs pursuant to §§ 15(b) and (e)(1).

For the reasons contained herein, **I hereby award $23,778.10,[5] in the form of a check payable jointly to petitioner and petitioner's counsel of record for petitioner's attorney fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED**.

<u>s/ Denise K. Vowell</u>
Denise K. Vowell
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).